United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

----------------------

No. 06-10658
Summary Calendar

-----------------------


THOMAS L GLOVER

                    Plaintiff - Appellant

    v.

CITY OF DALLAS

                    Defendant - Appellee

        ----------------------------------------------------

        Appeal from the United States District Court for
            the Northern District of Texas, Dallas
                    (No. 3:04-CV-917)

        ----------------------------------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    The district court entered summary judgment for the City of

Dallas in Thomas Glover's Title VII lawsuit. Glover appeals. For

the following reasons, we AFFIRM the judgment of the district

court.

### I.   Factual & Procedural Background

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Glover filed this lawsuit on April 30, 2004. The complaint does not specify counts, but avers that Glover "was denied equal employment opportunities by Defendant and the Plaintiff was discriminated and/or retaliated against by Defendant because of his race, African-American." The gravamen of Glover's claim is that he was not promoted to the rank of Lieutenant in the Dallas Police Department because of his participation in investigations into allegations of racial discrimination conducted by the Equal Employment Opportunity Commission and the U.S. Department of Justice and because of his activities as President of the Texas Peace Officers Association.

Glover sought promotion in 1999 under a process that involved a written examination and assessment exercises, in which the assessors, all of whom held the rank of Lieutenant in police departments across the United States and who were hired by a private contractor, observed the exercises and rated each candidate. The written examination accounted for 25% of the final promotion score; the assessment accounted for 75%. Based solely on his written examination results, Glover was ranked 5 out of 63 sergeants who passed the examination. Glover did not fare as well in the assessment; with that score included his ranking dropped to 29 out of 60 sergeants who passed the written examination and completed the assessment.

The City moved for summary judgment, which the district court granted. The district court held that despite Glover's assertions

in his deposition and argument in his brief, Glover never pled a due process claim. The district court therefore declined to consider any due process argument. The district court then assumed arguendo that Glover had demonstrated a prima facia case of discrimination, but held that he had not presented any evidence that tended to rebut the City's proffered non-discriminatory, non-retaliatory explanation for not promoting him–his score in the selection process. The City's summary judgment evidence included the declaration of an assistant director of the City's Civil Service Department, who stated that "promotions were awarded to Sergeants. . .starting from the highest score and proceeding downward as positions became available." The City also adduced declarations of each of the eight assessors who rated Glover, four of whom were African-American. Each assessor stated that

> The ratings I gave to each Sergeant I assessed at the 1999 Assessment Center were based solely on the information presented through the Assessment Center and the Sergeants' performance during the Assessment Center exercises. At no time did I consider a Sergeant's race in rating the Sergeant during the Assessment Center exercises. At no time did I consider a Sergeant's previous complaints of racial discrimination or other protected activity in rating the Sergeant during the 1999 Assessment Center. I had no knowledge of any Sergeant I assessed having ever previously complained of racial discrimination or having participated in other similar protected activities. In fact, I did not know nor did I have any previous knowledge of any of the Sergeants that I assessed during the 1999 Assessment Center.

The district court noted that Glover's response in opposition to the City's motion for summary judgment recognized that he was required to prove that the City's non-discriminatory reason was

3

pretextual, but held that "despite this, Plaintiff does not address the City's non-discriminatory, non-retaliatory reason whatsoever, nor does he point to any evidence that shows that the City's reason is false."[1] The district court observed that Glover's brief alluded to a number of facts, but that Glover had not identified which facts, if any, tended to show pretext, and the district court declined "to parse through his brief and determine on its own which facts establish pretext." Still, the district court concluded that even if it accepted all of Glover's alleged facts as true, none tended to show pretext.

## II. Standard of Review

Our review is de novo. *Perez v. Region*, 307 F.3d 318, 323 (5th Cir. 2002). Summary judgment is appropriate if there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When a party moves for summary judgment on the basis that the there is no evidence of one or more elements of the non-moving party's claim, the burden is on the non-moving party to direct the court to evidence that tends to establish a genuine issue of fact for trial. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712-13 (5th Cir. 1994).

---

[1] Glover's counsel died before the district court issued its memorandum opinion and order and new counsel had not yet entered an appearance, but the motion was ripe, and Glover never asked for a hearing.

4

In a Title VII case, under the familiar *McDonnell Douglas* framework, the initial burden upon the plaintiff is to establish a prima facia case of discrimination; the defendant must then produce evidence of a legitimate, non-discriminatory, non-retaliatory reason for its actions. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). If the defendant meets that burden, the plaintiff must then show that the proffered reason is a mere pretext.[2] *Id*.

## III. Discussion

Glover presented no evidence in response to the City's motion for summary judgment that tends to show that the City's proffered explanation was pretext. Glover's brief in the district court averred that he had "superior qualifications for promotion to Lieutenant." That is not evidence. Glover also asserts that he "has successfully taught others on how to succeed in the assessment process." That is not evidence of pretext. Glover's statements that he suffered discrimination because of his civil rights activities are conclusory and are no evidence. Glover complains that he never received a hearing on grievances he filed complaining of the 1997 promotion process, but that is not probative of

[2] As the district court observed, Glover made no mixed-motive allegation. On appeal, Glover contends that he did raise this theory, citing his brief in the district court. All the cited page says is that "Those cases raising allegations of 'mixed motives' follow Price Waterhouse v. Hopkins, and the Civil Rights Act of 1991 modification." This statement is in the context of describing generally what a plaintiff must prove; it does not allege mixed-motive as Glover's theory, and no such theory appears in Glover's complaint.

5

discrimination or retaliation by the outside assessors in the 1999 process. Glover asserts that the City "conveniently lost vital documents related to Glover's claim" or improperly withheld information. This is a discovery complaint and is not evidence of pretext. Glover states that former Police Chief Terrell Bolton told him that "certain members of city government did not want to see [him] promoted" based on his activities as President of the Texas Peace Officers Association. Even taking this speculation as true, it has no tendency to show that the outside assessors were influenced in the 1999 process.

Glover's brief in this court continues to refer to a wealth of information which, if taken as true, tends to establish a prima facia case, but nothing that tends to show pretext. Glover goes on to assail the assessment process, but the basis of his lawsuit is illegal retaliation, not a flawed merit-selection process. The remainder of the brief is speculative about how the process might have been influenced and does not direct us to probative evidence.

## IV. Conclusion

Our combing of the record reveals no evidence to support a claim that the City's proffered non-discriminatory, non-retaliatory reason was pretext, and there is ample evidence to the contrary. We find no fault with the district court's refusal to consider theories not pled. The judgment of the district court is therefore

6

AFFIRMED.